**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

STEVEN JOHN GOLLNICK, #258339,

                Plaintiff,                              Case No. 20-CV-12636
                                                      Hon. Thomas L. Ludington

v.

BARACK OBAMA,[1] *et al.*,

                Defendants.

_____/

**OPINION AND ORDER DENYING *IN FORMA PAUPERIS* STATUS AND**
**SUMMARILY DISMISSING COMPLAINT**

Plaintiff is an inmate confined at the Central Michigan Correctional Facility in St. Louis, Michigan. Plaintiff filed this civil rights complaint pursuant to 42 U.S.C. §1983 on September 17, 2020, ECF No. 1, and applied for *in forma pauperis* status. ECF No. 2. On October 7, 2020, Magistrate Judge R. Steven Whalen signed an order of deficiency, requiring Plaintiff to provide a Prisoner's Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw from the Trust Fund Account, a signed certification of his prison trust account from an authorized jail official, and a current computerized trust fund account showing the financial transactions in Plaintiff's institutional trust fund account for the past six months. ECF No. 3. Alternatively, the order permitted Plaintiff to pay the $400.00 dollar filing fee in full. *Id*. Plaintiff

---

[1] The case caption is based on Plaintiff's listing of defendants, which starts with "Brook, Maselle Abama," ECF No. 1, PageID.1, and his later reference to "Brock and Maselle Abama," *id*., PageID.17. In context, Plaintiff appears to name former President and First Lady Barack and Michelle Obama.

was given thirty days to comply with the order. *Id*. Plaintiff has not responded to the order to correct the deficiency.

For the reasons stated below, Plaintiff's application to proceed *in forma pauperis* status will be denied and the complaint will be dismissed with prejudice.

## I.

Plaintiff's complaint is difficult to understand. He names as defendants public figures and current and former elected officials ("Brook, Maselle Abama, Richard Whitmer, Gretchen E. Whitmer, Bill, Hiller Clenten, Mis Granthome, Joe Biden and Kamala Harris, VP"[sic]) and various courts and a government agency (Health and Human Services, U.S. Bankruptcy Court, U.S. Tax Court). He also lists as defendants "Wyneter Smith, Pegge, John, ReRe, Lanon, John JP Bethe, Driwd, and the Nassis Hillon Cross, Jed Cross, Geneot, Bob, Gary, Colt, Crise Gollnick, Abre Fast, Casse, and Joe Williams." ECF No. 1 at PageID.1.

Plaintiff used the Court's standard form for a prisoner civil rights complaint. However, he did not complete the sections regarding the parties, the basis for jurisdiction, or the statement of claim. ECF No. 1 at PageID.2–7. In the "Injuries" section, Plaintiff complained about the quality and quantity of the food he and other prisoners are receiving. *Id*. at PageID.16. He attached to his complaint two grievances he filed alleging mouse and rat excrement were found in his food and complaining about inadequate medical care. *Id*. at PageID.18–19.

Plaintiff also expressed concerns about government embezzlement of pensions and other assets from his own and other prisoners' estates. *Id*. at PageID.16. Other allegations are difficult to understand but appear to accuse various elected officials of being members of the Ku Klux Klan; another involves a jet accident that killed his wife. *Id*. at PageID.17. For relief, Plaintiff requests

the return of all his money and financial assets, and $185 billion for lost work and homes while he has been imprisoned. *Id*. at PageID.8.

Plaintiff filed his application to proceed *in forma pauperis* using this Court's standard form, Application to Proceed in District Court Without Prepayment of Fees and Costs. ECF No. 2. However, Plaintiff only entered his own name as the plaintiff and signed and dated the document. He did not answer any of the questions on the form regarding assets, income, expenses, and debts. Nor did Plaintiff provide a certified trust fund account as directed by the form and required by 28 U.S.C. § 1915(a). Plaintiff has not responded to the Court's order to correct these deficiencies.

## II.

Under the Prison Litigation Reform Act ("PLRA"), "a prisoner [who] brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The moment a complaint is filed, a plaintiff becomes responsible for the filing fee and waives any objection to the withdrawal of funds from his or her trust account to pay court fees and costs. *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007). The *in forma pauperis* statute provides prisoners the opportunity to make a down payment of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b); *see also Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A prisoner who seeks to file a complaint as a pauper must file an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2); *McGore*, 114 F. 3d at 605. The affidavit must include "a statement of all assets such prisoner possesses that the person is unable to pay

such fees or give security therefor[,]" and must also "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

A plaintiff who does not pay the full filing fee and fails to provide the required documents must be notified of the deficiency and granted thirty days to correct it or pay the full fee. *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (citing *McGore*, 114 F. 3d at 605). If the prisoner does not correct the deficiency, "the district court must presume that [he or she] is not a pauper, assess . . . the full fee, and order the case dismissed for want of prosecution." *Id*. As required, Magistrate Judge Whalen gave Plaintiff thirty days to correct his deficiency. ECF No. 3. The deficiency order instructed Plaintiff that noncompliance would result in dismissal, and that the action would "not be reinstated even if he . . . subsequently pays the fee." *Id*.

Plaintiff did not respond to the order to correct the deficiency by the November 6, 2020 deadline. Plaintiff's application remains deficient because he failed to complete the form and failed to file the required certified trust fund account statement.

### III.

Accordingly, it is **ORDERED** that Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is **DENIED**.

It is further **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For the same reason, leave to appeal *in forma pauperis* is **DENIED**.

Dated: November 25, 2020                              s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Steven John Gollnick #**258339, CENTRAL MICHIGAN CORRECTIONAL FACILITY, 320 N. HUBBARD ST. LOUIS, MI 48880 by first class U.S. mail on November 25, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager